UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID F. HERNANDEZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration,<br><br>　　　　　　Defendant. | 3:15-cv-00137-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Plaintiff has filed a Motion for Remand/Reversal. (ECF No. 10.)[1] The Commissioner filed a Cross-Motion for Summary Judgment (ECF No. 11) and response to Plaintiff's motion. (ECF No. 12.) Plaintiff filed a reply and response to the cross-motion. (ECF Nos. 13, 14.)[2]

After a thorough review, the court recommends that Plaintiff's motion be denied; that the Commissioner's motion be granted; and that the ALJ's decision be affirmed.

## I. BACKGROUND

On November 10, 2011, Plaintiff protectively filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Administrative Record (AR) 235-240.) Plaintiff also filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act on November 21, 2011. (AR 241-46.) Both applications were denied initially

---

[1] Refers to the court's Electronic Case Filing number.

[2] These documents are identical.

1  and on reconsideration by the Social Security Administration (SSA). (AR 132-135, 144-152.)
2  Plaintiff filed a request for a hearing before an Administrative Law Judge (ALJ). (AR 156-157.)
3  Plaintiff appeared, represented by counsel, and testified at a hearing before the ALJ on
4  November 22, 2013. (AR 32-58.) At the hearing he amended his alleged disability onset date to
5  April 19, 2012. (AR 40.) Testimony was also taken from a vocational expert (VE). (AR 59-66.)
6        On December 6, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 11-
7  29.) Plaintiff requested review by the Appeals Council. (AR 7-10.) The Appeals Council denied
8  review, making the ALJ's decision the final decision of the Commissioner. (AR 1-6.)
9        Plaintiff now seeks review of the ALJ's decision from the district court. (ECF No. 10.)
10  Plaintiff argues that the ALJ erred in failing to identify transferable skills with respect to the two
11  semi-skilled jobs that the ALJ found exist in significant numbers in the national economy that
12  Plaintiff can perform. (ECF No. 10 at 12-16.) With respect to the one remaining unskilled job,
13  Plaintiff contends that the VE testified that only 79,000[3] positions exist for that job, which
14  Plaintiff asserts does not constitute a significant number of jobs. (*Id*. at 13, 16-17.) Therefore,
15  Plaintiff maintains that the ALJ erred, and requests that the court reverse the ALJ's decision and
16  remand for an award of benefits, or alternatively, remand for further proceedings. (*Id*. at 18.)
17        The Commissioner, on the other hand, argues that transferability of skills is immaterial to
18  Plaintiff's case; that 76,000 positions of the remaining unskilled job constitutes a significant
19  number of jobs; and that the ALJ's decision is supported by substantial evidence and should be
20  affirmed. (ECF No. 12.)

## II. STANDARD OF REVIEW

**A. Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 522 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

---

[3] Plaintiff's brief indicates that the ALJ and VE identified 79,000 route clerk positions available nationally, but the court will assume that is a typographical error as both the ALJ's decision and the testimony identify 76,000 route clerk positions available nationally. (AR 22, 63.)

reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez*, 740 F.3d at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

**B. Five-Step Evaluation Process of Disability**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in

1  which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if
2  he applied for work." 42 U.S.C. § 1382c(a)(3)(b).
3        The Commissioner has established a five-step sequential process for determining whether
4  a person is disabled. 20 C.F.R. § 404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S.
5  137, 140-41 (1987).In the first step, the Commissioner determines whether the claimant is
6  engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is
7  denied. 20 C.F.R. § 404.1520(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the
8  claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.
9        The second step requires the Commissioner to determine whether the claimant's
10 impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and
11 § 416.920(a)(4)(ii); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits
12 the claimant's physical or mental ability to do basic work activities. *Id*.
13       In the third step, the Commissioner looks at a number of specific impairments listed in
14 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the
15 impairment meets or is the equivalent of one of the Listed Impairments. 20 C.F.R.
16 § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (c). The Commissioner presumes the Listed
17 Impairments are severe enough to preclude any gainful activity, regardless of age, education, or
18 work experience. 20 C.F.R. § 404.1525(a). If the claimant's impairment meets or equals one of
19 the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed
20 disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(d). If the claimant's impairment is
21 severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to
22 step four. *Yuckert*, 482 U.S. at 141.
23       At step four, the Commissioner determines whether the claimant can still perform "past
24 relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past
25 relevant work is that which a claimant performed in the last fifteen years, which lasted long
26 enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R.
27 § 404.1565(a) and § 416.920(b)(1).
28

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 1545 and § 416.945. In determining RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of limitation, and medical reports, to determine what capacity the claimant has for work despite the impairments. 20 C.F.R. § 404.1545(a) and § 416.945(a)(3).

A claimant can return to previous work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted).

If the claimant can still do past relevant work, then he or she is not disabled for purposes of the Act. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131 ("Generally, a claimant who is physically and mentally capable of performing past relevant work is not disabled, whether or not he could actually obtain employment.").

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform work available in the national economy. 20 C.F.R. § 404.1520(e) and § 416.290(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez*, 740 F.3d at 528. If the claimant cannot do the work he or she did in the past, the Commissioner must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a vocational expert or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

"The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (internal quotation marks and citation omitted). The Grids place jobs into categories by their physical-exertional requirements, and there are three separate tables, one for each category: sedentary work, light work, and medium work. 20 C.F.R. Part 404, Subpart P, Appx. 2, § 200.00. The Grids take administrative notice of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels. *Id*. Each grid has various combinations of factors relevant to a claimant's ability to find work, including the claimant's age, education and work experience. *Id*. For each combination of factors, the Grids direct a finding of disabled or not disabled based on the number of jobs in the national economy in that category. *Id*.

If at step five the Commissioner establishes that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566. Conversely, if the Commissioner determines the claimant unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g); *see also Lockwood*, 616 F.3d at 1071; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

Here, the ALJ found at step one, that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of April 19, 2012. (AR 16.)

At step two, the ALJ concluded Plaintiff has the following severe impairments: hypertension; left knee osteoarthritis; obesity; anxiety; cognitive disorder; personality disorder; and dysthymic disorder. (AR 16.)

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (AR 17.)

1    At step four, the ALJ determined Plaintiff has the RFC to perform light work as defined
2 in 20 C.F.R. § 404.1567(b) and § 416.967(b), except: Plaintiff can only occasionally climb
3 ladders, ropes and scaffolds, crouch, climb stairs and ramps; can frequently stoop and crawl,
4 kneel with the right knee, but never kneel with the left knee; he should avoid even moderate
5 exposure to extreme heat; he should avoid concentrated exposure to extreme cold, pulmonary
6 irritants, and hazards; he should be limited to occasional and casual interaction with the public
7 and coworkers; he can understand, remember, and carry out mildly detailed instructions, which
8 would be jobs with an SVP up to 3; he is unable to perform work directing others; he requires a
9 low stress job, defined as having only occasional need to exercise decision-making and
10 judgment. (AR 18.) The ALJ concluded Plaintiff is unable to perform any past relevant work.
11 (AR 21.)[4]

12    At step five, the ALJ considered Plaintiff's age (49 years old)[5], defined as an individual
13 closely approaching advanced age on his alleged disability onset date; his high school education
14 and ability to communicate in English. (AR 21.)[6] The ALJ also stated that transferability of job
15 skills is not material to the determination of disability because using the Medical-Vocational
16 Rules as a framework supports a finding that the claimant is not disabled, whether or not he has
17 transferable job skills. (AR 21.) Considering these factors along with Plaintiff's RFC, the ALJ
18 concluded that there are jobs that exist in significant numbers in the national economy that
19 Plaintiff can perform.  (AR 21.)

20    Specifically, the ALJ recounted that the VE was asked whether jobs exist in the national
21 economy for an individual with Plaintiff's age, education, work experience and RFC, and the VE
22 testified that this individual would be able to perform the requirements of the following jobs:

---

[4] The VE identified Plaintiff's past relevant work as: (1) security guard (DOT 372.667-034; light work with an SVP of 3); (2) retail sales clerk (DOT 211.462-014, light work with an SVP of 3); (3) stock clerk (DOT 222.387-058; heavy work with an SVP of 4); and (4) glass washer, lab (DOT 381.687-022; medium work with an SVP of 2). (AR 343.)

[5] The Commissioner asserts that instead of identifying Plaintiff as an individual closely approaching advanced age (50-54), Plaintiff should have been considered a younger individual, because Plaintiff was five months from his fiftieth birthday when he applied for benefits. (ECF No. 11 at 8.) The court finds that whether Plaintiff was in the younger age category or closely approaching advanced age category is immaterial to its analysis.

[6] Plaintiff's testimony indicates that he actually completed about two years of college. (AR 57.)

- 7 -

1  (1) return to factory clerk (DOT 209.587-042; light exertional level; semi-skilled, SVP 3; 59,000
2  jobs available nationally); (2) address clerk (DOT 209.587-050; light exertional level; semi-
3  skilled, SVP 3; 1,000,000 jobs available nationally); and (3) route clerk (DOT 222.687-022; light
4  exertional level; unskilled work; SVP 2; 76,000 jobs available nationally). (AR 22.) As a result,
5  the ALJ concluded Plaintiff was not disabled from the alleged onset date of April 19, 2012,
6  through the date of the decision. (AR 22.)

**B. Transferability of Skills**

Plaintiff argues that the ALJ identified alternate jobs Plaintiff could perform, but did not identify the transferable skills which would transfer to those alternate jobs. (ECF No. 10.)

When determining whether an individual is disabled at step five, the ALJ considers the claimant's RFC, age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(v); 20 C.F.R. § 416.920(a)(4)(v).

Transferability of skills comes into play when the ALJ is considering the claimant's work experience. Work experience means "skills and abilities [the claimant has] acquired through work [the claimant has] done which show[s] the type of work [the claimant] may be expected to do." 20 C.F.R. § 404.1565(a); 20 C.F.R. § 416.965(a).

If a claimant "acquired skills through ... past work," the claimant is considered to "have these work skills unless [the claimant] cannot use them in other skilled or semi-skilled work that [the claimant] can now do." *Id*. If the claimant "cannot use [his or her] skills in other skilled or semi-skilled work," the work background is considered "the same as unskilled." *Id*. Even if the individual has no work experience, SSA "may consider that [the claimant is] able to do unskilled work because it requires little or no judgment and can be learned in a short period of time." *Id*.

"[O]ccupations are classified as unskilled, semi-skilled, and skilled." 20 C.F.R. 404.1568. SSA considers a claimant to have skills that can be used in other jobs "when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs." 20 C.F.R. § 404.1568(d)(1); 20 C.F.R. § 416.968(d)(1). "Transferability is most probable

and meaningful among jobs in which-(i) The same or a lesser degree of skill is required; (ii) The same or similar tools and machines are used; and (iii) The same or similar raw materials, products, processes, or services are involved." 20 C.F.R. § 404.1568(d)(2); 20 C.F.R. § 416.968(d)(2).

Social Security Rulings (SSRs) "do not carry the 'force of law,'" but "'reflect the official interpretation of the [SSA] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations.'" *Molina v. Astrue,* 674 F.3d 1104, n. 5 (9th Cir. 2012) (quoting *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009)). The court gives deference to Social Security Ruling 82-41, which discusses transferability of skills.

"Transferability of skills is an issue only when an individual's impairment(s), though severe, does not meet or equal the criteria in the Listing of Impairments in Appendix 1 of the regulations but does prevent the performance of past relevant work (PRW), and that work has been determined to be skilled or semi-skilled." SSR 82-41, 1982 WL 31389 (Jan. 1, 1982). In addition, "[w]hen the table rules in Appendix 2 are applicable to a case, transferability will be decisive in the conclusion of 'disabled' or 'not disabled' in only a relatively few instances because, even if it is determined that there are no transferable skills, a finding of 'not disabled' may be based on the ability to unskilled work." *Id*.

"Skills are not gained by doing unskilled jobs, and a person has no special advantage if he or she is skilled or semiskilled but can qualify only for an unskilled job because his or her skills cannot be used to any significant degree in other jobs. The table rules in Appendix 2 are consistent with the provisions regarding skills because the same conclusion is directed for individuals with an unskilled work background and for those with a skilled or semiskilled work background whose skills are not transferable." *Id*. "Transferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other *skilled or semiskilled* jobs." *Id*. (emphasis added).

Here, even if the ALJ erred in failing to identify transferable skills relative to the two semi-skilled positions that were determined to be exist in the national economy, the VE and ALJ identified a third job which is unskilled, that of a route clerk, that also exists in the national

economy. (AR 22.) Plaintiff acknowledges that the unskilled job would not require transferable skills. (ECF No. 10 at 13.) Therefore, even assuming the ALJ erred by not identifying transferable skills with respect to the two semi-skilled positions, the error was harmless because the ALJ identified a third position Plaintiff could perform that is unskilled. As to that position, Plaintiff argues that position does not constitute a significant number of jobs. (ECF No. 10 at 13, 16- 17.)  The court will now address that argument.

**C. Significant Number of Jobs**

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of s*ubstantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work*.

42 U.S.C. § 1382c(a)(3)(B) (emphasis added). "Work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id*.; *see also* 20 C.F.R. § 404.1566(a); 20 C.F.R. § 416.966(a).

First, Plaintiff argues that the 76,000 route clerk positions identified by the ALJ do not constitute a significant number of jobs because "a single occupation does not make for a 'significant range of work' which would support a not disabled finding." (ECF No. 10 at 17.) This is directly contrary to the wording of the regulations which clearly identify work existing in the national economy as "a significant number of jobs (in *one* or more occupations)..." 20 C.F.R. § 404.1566(b); 20 C.F.R. § 416.966(b) (emphasis added). If the ALJ erred in failing to identify transferable skills with respect to the two semi-skilled jobs, the fact that the remaining unskilled job identified amounts to a single occupation is immaterial.

Second, Plaintiff argues that the 76,000 jobs identified by the VE and ALJ do not constitute a significant number of jobs because there was no mention of how many of those jobs were in Plaintiff's region. (AR 17.) The regulations state that "work exists in the national economy when it exists in significant numbers *either* in the region where [the claimant] live[s] *or* in several other regions of the country." 20 C.F.R. § 404.1566(a); 20 C.F.R. § 416.966(a). To

reiterate, "work that exists in the national economy" "'can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs)[.]'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012)) (emphasis original). If the court "find[s] *either* of the two numbers 'significant,'" then the ALJ's decision must be upheld. *Id*. (emphasis original). Therefore, the fact that the ALJ identified only a number of positions available nationally and not those available in Plaintiff's region does not amount to an error as long as the jobs identified are "significant."

There is no bright-line rule for what constitutes a "significant number" of jobs. *See, e.g., Gutierrez*, 740 F.3d at 528. In *Gutierrez*, the court upheld the ALJ's determination that *25,000* jobs nationwide, while a "close call," did constitute work which exists in significant numbers because it did not represent an "isolated job" which exists "in very limited numbers" outside of the region where the claimant lived. *Id*. at 528-29. Here, the ALJ identified *76,000* jobs, which is far greater than the 25,000 nationally available jobs identified in *Gutierrez*. Therefore, the court finds that the 76,000 jobs identified nationally constitute a significant number of jobs.

**D. Substantial Evidence**

After reviewing the briefing as well as the record, the court finds that the Commissioner has met her burden of demonstrating that the ALJ's decision is supported by substantial evidence in the record and should be upheld. Plaintiff does not challenge that argument except to reassert his contentions that the ALJ should have identified transferable skills with respect to the two semi-skilled jobs identified at step five, and that the remaining unskilled job identified at step five does not constitute a significant number of jobs. (ECF No. 13 at 4-5.)

The court has determined that regardless of whether the ALJ erred in identifying transferable skills with respect to the two semi-skilled jobs, an unskilled job remains, and the 76,000 route clerk positions identified by the ALJ do in fact constitute a significant number of jobs. Therefore, the court finds the ALJ's decision is supported by substantial evidence, and the ALJ's decision should be affirmed.

///

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Remand/Reversal (ECF No. 10) be **DENIED**;

**IT IS HEREBY FURTHER RECOMMENDED** that the Commissioner's Cross-Motion for Summary Judgment be **GRANTED** and that the ALJ's decision be **AFFIRMED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: February 3, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE